## SUPREME COURT—IN BANCO.

### APRIL TERM—1867.

*Allen, Ch. J., Davis, J.*

### THE KING *vs.* OTTO HEINRICHS.

ARREST OF JUDGMENT will not be ordered because an INDICTMENT for RAPE fails to aver the age of the prosecutrix to be over ten years; nor will a NEW TRIAL be ordered because there was NO EVIDENCE that she was over that age, or because the VERDICT was AGAINST EVIDENCE, "unless it is manifest that the jury erred through some misapprehension or mistake, or had abused their trust."

Opinion by ALLEN, Ch. J.

The defendant was tried and convicted at the present term of the Supreme Court, held by Mr. Justice DAVIS, on an indictment which alleged that said defendant "On the 28th day of March, in the year 1867, in and upon one Kekoa, did make an assault, the said Kekoa being then and there a female, and did then and there ravish and have carnal intercourse with said Kekoa, by force and against the will of said Kekoa."

The defendant now comes and moves in arrest of judgment, because the indictment is defective and uncertain, in not setting forth the age of the prosecutrix as over ten years.

The defendant moves also for a new trial for the following reasons:

"1st. Because there was no evidence that the prosecutrix Kekoa was ten years of age.

"2d. Because the Court erred in refusing to charge the jury that they must find the prosecutrix over ten years of age, or find the defendant not guilty.

" 3d. Because the verdict of the jury was against the instructions of the Court.

" 4th. Because the verdict of the jury was contrary to the law and evidence ;" which, for convenience and by mutual accord of counsel, were argued with the motion in arrest.

The provisions of the Code, on which the present indictment was framed, are similar to the statutes of England from the time of Elizabeth, and of the United States in their earliest history as colonies. In the colony of Massachusetts, as early as 1649, a statute was passed, making the distinction that the act must be done by force, if the female was above the age of ten years ; but if under ten years of age the act should still be punished with death, though the act was done with her consent. The form of the statutes has varied in the last two centuries, but the same principle pervades them all. Our statute is in these words, viz.:

" 1st. Whoever commits a rape, that is, ravishes or has carnal intercourse with any female, by force and against her will, shall be punished by a fine not exceeding one thousand dollars, and imprisonment at hard labor for life or any number of years.

" 2d. Whoever ravishes or carnally abuses and knows any female child under the age of ten years, shall suffer the punishment of death, or imprisonment for life at hard labor, in the discretion of the Court."

It is not contended, in the argument, that the indictment is not sufficient, but that the Crown should prove that the prosecutrix was more than ten years of age.

The section of the statute requires only proof that the crime was committed by force and against the will of the party. No reference is made to age. A rape may be committed upon a female of any age, but if the indictment is founded on the first section, as above, the Crown is limited to its provisions, and must conform in the proof to the allega-

tions of force and carnal intercourse, and the punishment, in case of conviction, must be in accordance with it.

The provisions of the two sections are entirely different. The one makes it necessary to allege that the act was committed by force against the will of the female, and the punishment is fine and imprisonment; while by the second section it is necessary to allege that the act was committed upon a female child under ten years of age, and to prove it; and the punishment is death, or imprisonment for life. The charges are distinct, and the punishment is different. This indictment is the form which has been used for a long period, and always sustained by the courts as in conformity to the rules of criminal pleadings. In the case of the Commonwealth of Massachusetts *vs.* Sugland, [4, Gray 7,] the court decided that under the statute of 1852, which provides that every person who shall ravish and carnally know any female of the age of ten years or more by force, and against her will, or shall unlawfully and carnally know and abuse any woman child under the age of ten years, shall be punished by imprisonment in the State prison for life; an indictment which duly charges a rape is sufficient without stating the age of the female.

From the form of the statute, the Court are of opinion that there is much less reason for the allegation of the age under our Code than under that of Massachusetts, but in neither do they regard the reason for it as sound. When the indictment does not allege that the act was done against the will of the female, then of course it is necessary to allege the age as being under ten years, and to prove it.

The authorities fully sustain the construction which is here given of the Code, which is analogous to that of many other statutes, and in the form of charging the offence they indicate no change.

The Court regard it unnecessary to consider further the objections that have been urged to the verdict on the ground

of want of evidence that the prosecutrix was over ten years of age, and are of opinion that the Court did not err in refusing to charge the jury that they must find her over ten years of age, or find the defendant not guilty. The Court do not regard the verdict of the jury as against their instructions.

The remaining reason for a new trial is that the verdict of the jury was contrary to law and evidence.

The law requires that the testimony of the prosecutrix should be corroborated by other evidence direct or circumstantial, and that the proof should satisfy the jury beyond a reasonable doubt that the defendant had carnal intercourse with her by force and against her will. Prosecutrix testifies to the force used by prisoner upon her, and of the carnal intercourse with her; she complained of it to Mrs. Strehz, the wife of Mr. Strehz, with whom both she and the defendant were living, when they returned from Honolulu, where they had been on the same day of the act. Her testimony is fully corroborated by another witness, who happened to be passing when the prisoner was using force upon the prosecutrix, who was resisting and struggling. Mrs. Strehz also testifies that the prosecutrix communicated to her immediately on her return from Honolulu, on the same day that defendant had been molesting her person.

Dr. Hillebrand testifies that he examined the person of the prosecutrix on the day after the act was perpetrated, and he gave a detail of the injuries, which were doubtless sufficient to satisfy the jury, that if inflicted by force and against her will, the crime of rape had been committed.

It would be in conflict with the authorities to set aside a verdict as against evidence, unless it is manifest that the jury erred through some misapprehension or mistake, or had abused their trust. In this case it is not pretended that they abused their trust, and on examination of the testimony the Court are unable to see error in the verdict. The indictment

is sustained by the evidence more conclusively than in most cases ·of a crime of .this character, where the party usually seeks to perpetrate the act in secret, for the reason that one of the witnesses happened to be passing when the prisoner was in the act of coercing the prosecutrix.

The Court are of opinion that no sufficient ground is shown for arresting the judgment, or for a new trial.

Mr. Attorney General Phillips for the Crown.

Mr. Thompson for the prisoner.